UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MENDI VASHAWN RIGGINS, GLORIA EUNICE PALACIOS,
PAULA BRUCE, RAMONA RAFOEL GUZMAN,
MAXINE WASHINGTON, DESMANE CHRISTINE CAMPBELL,
BRENDA JEAN MILLUS, JESSICA ZIPPORAH CLOWNEY,
CONSTANCE GREENE, JERRY DAVIS, ANGELETHA ROBINSON,
PAULETTE STEPHENSON, MICHELLE BARNES, JERALD PERRY,
MAUREEN VERONICA LANGSHAW, SUZANNE MINNICK,
ELOISA NETTLE DACRUZ, MICHAEL ANTHONY GIROLOMONI, JR.,
DAVID LEE HENRY, DEXTER ANTHONY GREEN, MARY MEYER,

      Plaintiffs,
v.

STERLING KEVIN YATES, NATHAN FEARS,

      Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiffs, MENDI VASHAWN RIGGINS, GLORIA EUNICE PALACIOS, PAULA BRUCE, RAMONA RAFOEL GUZMAN, MAXINE WASHINGTON, DESMANE CHRISTINE CAMPBELL, BRENDA JEAN MILLUS, JESSICA ZIPPORAH CLOWNEY, CONSTANCE GREENE, JERRY DAVIS, ANGELETHA ROBINSON, PAULETTE STEPHENSON, MICHELLE BARNES, JERALD PERRY, MAUREEN VERONICA LANGSHAW, SUZANNE MINNICK, ELOISA NETTLE DACRUZ, MICHAEL ANTHONY GIROLOMONI, JR., DAVID LEE HENRY, DEXTER ANTHONY GREEN, and MARY MEYER (hereafter collectively referred to as "Plaintiffs"), bring this action against Defendants, STERLING KEVIN YATES and NATHAN FEARS (hereafter collectively referred to as "Defendants"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and allege as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Signature Health Services Group, LLC, Interventions Recovery Treatment Center LLC, Hope & Grace Recovery Center, LLC, Reliant Specialty Medical Services, LLC, and Assurant Billing Services, LLC (hereafter collectively referred to as "Drug Treatment Facilities") operated drug rehabilitation and treatment facilities.

3. At all times material hereto, Drug Treatment Facilities were a single enterprise under the FLSA, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

4. At all times material hereto, Drug Treatment Facilities were joint employers of Plaintiffs under the Fair Labor Standards Act, shared Plaintiffs' services, had Plaintiffs acting in the interest of all businesses, and shared common control of Plaintiffs.

5. At all times material hereto, Drug Treatment Facilities were an enterprise engaged in commerce or in the production of goods for commerce pursuant to 29 U.S.C. § 203(s)(1)(B) through their operation of a hospital or institution primarily engaged in the care of the sick who reside on their premises and are covered under the FLSA.

6. At all times material hereto, two or more of Drug Treatment Facilities' employees handled tools, supplies, and equipment manufactured outside Florida in furtherance of their business including but not limited to phones, computers, computer monitors, computer keyboards, computer mice, pens, and paper.

7. At all times material hereto, Plaintiffs were residents of the State of Florida and "employees" of Defendants and Drug Treatment Facilities as defined by the FLSA.

8.  At all times material hereto, Plaintiffs engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA.

9.  At all times material hereto, STERLING KEVIN YATES, was a resident of Horry County, South Carolina and was a manager of Drug Treatment Facilities, controlled Plaintiffs' duties, hours worked, and compensation, and managed the day-to-day operations of Drug Treatment Facilities. Accordingly, STERLING KEVIN YATES was and is an "employer" of Plaintiffs within the meaning of 29 U.S.C. §203(d).

10. At all times material hereto, NATHAN FEARS, was a resident of Broward County, Florida and was a manager of Drug Treatment Facilities, controlled Plaintiffs' duties, hours worked, and compensation, and managed the day-to-day operations of Drug Treatment Facilities. Accordingly, NATHAN FEARS was and is an "employer" of the Plaintiffs within the meaning of 29 U.S.C. §203(d).

11. Plaintiff MENDI VASHAWN RIGGINS worked for Defendants as a Director of Human Resources.

12. Plaintiff GLORIA EUNICE PALACIOS worked for Defendants as an Outreach Coordinator.

13. Plaintiff PAULA BRUCE worked for Defendants as an Outreach Coordinator.

14. Plaintiff RAMONA RAFOEL GUZMAN worked for Defendants as a Behavioral Health Tech Supervisor.

15. Plaintiff MAXINE WASHINGTON worked for Defendants as a Human Resources Assistant.

16. Plaintiff DESMANE CHRISTINE CAMPBELL worked for Defendants as a Nurse.

17. Plaintiff BRENDA JEAN MILLUS worked for Defendants as a Behavioral Health Tech.

18. Plaintiff JESSICA ZIPPORAH CLOWNEY worked for Defendants as a Primary Therapist.

19. Plaintiff CONSTANCE GREENE worked for Defendants as a Behavioral Health Tech.

20. Plaintiff JERRY DAVIS worked for Defendants as a Behavioral Health Tech.

21. Plaintiff ANGELETHA ROBINSON worked for Defendants as a Behavioral Health Tech.

22. Plaintiff PAULETTE STEPHENSON worked for Defendants as a Behavioral Health Tech.

23. Plaintiff MICHELLE BARNES worked for Defendants as a Behavioral Health Tech.

24. Plaintiff JERALD PERRY worked for Defendants as a Behavioral Health Tech.

25. Plaintiff MAUREEN VERONICA LANGSHAW worked for Defendants as a Clinical Director.

26. Plaintiff SUZANNE MINNICK worked for Defendants as a Utilization Review Manager.

27. Plaintiff ELOISA NETTLE DACRUZ worked for Defendants as a Housing Director.

28. Plaintiff MICHAEL ANTHONY GIROLOMONI, JR. worked for Defendants as a Case Manager.

29. Plaintiff DAVID LEE HENRY worked for Defendants as a Behavioral Health Tech.

30. Plaintiff DEXTER ANTHONY GREEN worked for Defendants as a Primary Therapist.

31. Plaintiff MARY MEYER worked for Defendants as an Administrative Assistant.

32. Defendants failed to pay Plaintiffs' full and proper minimum wages for certain hours worked during their employments.

33. Defendants failed to pay Plaintiffs MENDI VASHAWN RIGGINS, GLORIA EUNICE PALACIOS, PAULA BRUCE, RAMONA RAFOEL GUZMAN, DESMANE CHRISTINE CAMPBELL, JESSICA ZIPPORAH CLOWNEY, JERRY DAVIS, ANGELETHA ROBINSON, PAULETTE STEPHENSON, JERALD PERRY, MAUREEN VERONICA LANGSHAW, ELOISA NETTLE DACRUZ, and DEXTER ANTHONY GREEN their full and proper overtime

wages of 1.5 times Plaintiffs' regular hourly rates for hours worked over 40 during certain weeks of their employments.

34.     Attached as <u>Exhibit A</u>, <u>Exhibit B</u>, <u>Exhibit C</u>, <u>Exhibit D</u>, <u>Exhibit E</u>, <u>Exhibit F</u>, <u>Exhibit G</u>, <u>Exhibit H</u>, <u>Exhibit I</u>, <u>Exhibit J</u>, <u>Exhibit K</u>, <u>Exhibit L</u>, <u>Exhibit M</u>, <u>Exhibit N</u>, <u>Exhibit O</u>, <u>Exhibit P</u>, <u>Exhibit Q</u>, <u>Exhibit R</u>, <u>Exhibit S</u>, <u>Exhibit T</u>, and <u>Exhibit U</u> are preliminary calculations of Plaintiffs' claims. These amounts may change as Plaintiffs engage in the discovery process.

35.     Defendants have knowingly and willfully refused to pay Plaintiffs' legally-entitled wages.

36.     Plaintiffs have complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

37.     Plaintiffs have retained the services of the undersigned and are obligated to pay for the legal services provided.

**COUNT I**
**VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")**
**ALL DEFENDANTS**

38.     Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-37 above as if set forth herein in full.

39.     Plaintiffs allege this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiffs are entitled to: (i) unpaid minimum wages;[1] (ii) time-and-a-half overtime pay,[2] and (iii) liquidated damages[1] pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

40.     Plaintiffs seek recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

---

[1] As to all Plaintiffs.
[2] As to Plaintiffs MENDI VASHAWN RIGGINS, GLORIA EUNICE PALACIOS, PAULA BRUCE, RAMONA RAFOEL GUZMAN, DESMANE CHRISTINE CAMPBELL, JESSICA ZIPPORAH CLOWNEY, JERRY DAVIS, ANGELETHA ROBINSON, PAULETTE STEPHENSON, JERALD PERRY, MAUREEN VERONICA LANGSHAW, ELOISA NETTLE DACRUZ, and DEXTER ANTHONY GREEN

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the Court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791